UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE RATZEL,

          Plaintiff,

v.                            Case No. 06-C-1014

ABBAS-ANGHA, ROBERT KRIZ, and
WALLACE BUMP,

          Defendants.

**ORDER**

Plaintiff, who is serving a civil commitment under Wis. Stat. Ch. 980 (Sexually Violent Person Commitments) at the Wisconsin Resource Center, has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay any portion of the filing fee. Because plaintiff is under a civil commitment, as opposed to serving a sentence for a crime, he is not a prisoner within the meaning

of the Prison Litigation Reform Act, and 28 U.S.C. § 1915's provision requiring the assessment and collection of the full filing fee over time do not apply. *West v. Macht*, 986 F. Supp. 1141, 1142 (W.D. Wis. 1997). Thus, *in forma pauperis* status will be granted.

Though inmates who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. I therefore turn to the allegations of plaintiff's complaint.

Plaintiff's complaint bears a strong resemblance to other complaints filed in this court. Its central thrust is that the state defendants are violating the plaintiff's due process and privacy rights by essentially treating the plaintiff like a prisoner. He asserts that he cannot wear the clothing of his choice, and that upon his refusal to change into an institutional uniform, defendants impermissibly detained him and ordered other staff members to strip search him and open his buttocks as part of the search.

These allegations, however, do not state a claim for relief under § 1983 in and of themselves. It is true that a state may not impose punishment on a person under a civil commitment simply because of the commitment. *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982). But as the Supreme Court noted in *Bell v. Wolfish* in connection with pretrial detainees who likewise may not be subjected to punishment, the effective management of a facility where individuals are involuntarily detained justifies the imposition of conditions and restrictions that bear a marked resemblance to those faced by prisoners serving sentences for a crime. 441 U.S. 520, 540 (1979). *See also Allison v. Snyder,* 332 F.3d 1076, 1079 (7th Cir. 2003) ("[P]retrial detainees, who like civil committees may

be held for security reasons but not punished, may be assigned to prisons and covered by the usual institutional rules, which are designed to assure safety and security."); *Laxton v. Watters,* 348 F. Supp. 2d 1024, 1031 (W. D. Wis.2004) ("[Chapter] 980 patients may be subjected to conditions that advance goals such as preventing escape and assuring the safety of others."). As a detainee at the Wisconsin Resource Center, plaintiff is subject to its institutional clothing requirements and to its procedures for those who fail to comply with those requirements. Requiring detainees to wear uniforms is essential for the safety and security of such an institution. Because the complaint states only that plaintiff's conditions of confinement equal those of traditional convicts and there is no indication that the conditions serve as impermissible punishment in violation of the Eighth Amendment (or Due Process Clause), the complaint will be summarily dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim.

Dated this ___5th___ day of October, 2006.

                            s/ William C. Griesbach
                            William C. Griesbach
                            United States District Judge